## E. L. Diefenderfer *v.* Honora Caffrey, Exrx.

In a proceeding to obtain possession under the act of 1863, the defendant may show that he went into possession under another, who has a bona fide claim of title, and need not show that this title is actual, valid, and unimpeached.

(Decided April 25, 1887.)

Error to the Court of Common Pleas of Luzerne County. Affirmed.

This was an appeal from the judgment of an alderman given in a proceeding to secure possession of certain real estate.

On June 29, 1882, E. L. Diefenderfer, of Ashley Borough, purchased by written articles of agreement, from John C. Wells, a town lot situate on Hartford street of that borough, the consideration being $650. By agreement it was stipulated that

NOTE.—In proceedings to obtain possession of property, the tenant cannot set up a title adverse to the lessor under whom he holds. Koontz v. Hammond, 62 Pa. 177; Heritage v. Wilfong, 58 Pa. 137; Fisher v. McCauley, 2 Dauphin Co. Rep. 180. But he may show that he holds under another, as in DIEFENDERFER v. CAFFREY; or that he was fraudulently induced to accept the lease (Lowenstein v. Keller, 3 Kulp, 361; Koontz v. Hammond, 62 Pa. 177); or that the title of the lessor has terminated (Heritage v. Wilfong, 58 Pa. 137).

Caffrey might continue to occupy the lot as a tenant upon the payment of $5 per month so long as he complied with the requirements of the lease, and should have the right to repurchase the property at any time within five years, upon the repayment to Diefenderfer of the sum which it had cost him, with the value of the improvements added. Upon the same date an agreement was made with Caffrey to this effect and a lease was executed by Diefenderfer for the period of nine months for the sum of $45, payable in instalments of $5 each. Caffrey waived the benefit of the exemption laws and of notice to quit on April 1, 1883, and further agreed not to sublet the property or to remove any goods. Upon the violation of these conditions all the rent was to become due, the lease to be considered forfeited, the lessor having the right to re-enter, as well as to confess judgment for $45. Caffrey also agreed that his wages might be attached for the rent. The lessor reserved the use of the barn as well as 8 feet from front to rear on the one side of the property. Caffrey lived in the house for four months, paying the rent as stipulated, and then died.

Diefenderfer called upon Mrs. Caffrey, to whom letters of administration had been granted, and requested her to state whether her intention was to continue to pay rent, or whether she would vacate the premises, but she refused to do either.

Diefenderfer then commenced proceedings before Alderman Parsons against her, as administratrix of her husband, under the act of December 14, 1863, after the expiration of the terms. A judgment was entered for the plaintiff and a writ of possession awarded, by virtue of which the premises were delivered to him. The defendant appealed to the court of common pleas.

The agreement to purchase the lot, the agreement with Caffrey in the lease, and the letters of administration upon the estate of Caffrey were offered and admitted in evidence.

The defendant set up a right to possess in herself independent of her husband, claiming under her stepson, Thomas Caffrey, who, she claimed, had contracted to purchase the same property from Wells long prior to the purchase of Diefenderfer. She alleged that Thomas had requested her and her husband to occupy the property and had then gone west, and had not been heard from for four years. She also offered several receipts for money from Thomas Caffrey "on account of purchase of house and lot on Hartford street, Ashley, Pa." They aggre-

gated $60, and were all signed by Wells and were dated in 1881. It further appeared that the property had once been owned by Owen Caffrey, but had been sold by the sheriff, and that J. C. Wells subsequently became the owner.

Negotiations for the repurchase of the property by Owen Caffrey had also taken place.

Diefenderfer had no knowledge of any claim by Thomas Caffrey at the time of the purchase, and had expended between $1,000 and $1,200 for improvements.

A verdict was rendered for the defendant and damages assessed for the removal from the premises of $205. This appeal was then taken.

*Alexander Farnham* for plaintiff in error.

*John McGahren* and *William S. McLean* for defendant in error.

PER CURIAM:
This judgment stands affirmed by a divided court.